
UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ANITA BENOIT | CIVIL ACTION NO. 07-1109 |
| -vs- | JUDGE DRELL |
| WESTPORT INSURANCE CORPORATION, et al. | MAGISTRATE JUDGE KIRK |

## RULING AND ORDER

Before the Court is a motion for partial summary judgment (Doc. 18) filed by the plaintiff, Anita Benoit, seeking summary judgment on the issue of liability against defendants Westport Insurance Corporation ("Westport") and Jody Travelpiece. For the reasons set forth below, the motion will be denied.

### BACKGROUND

This negligence suit stems from an October 9, 2006, automobile accident that occurred in the two eastbound lanes of Overton Street in Alexandria, Louisiana. Mr. Travelpiece was driving a Freightliner, an eighteen-wheel vehicle, in the right, or outer, eastbound lane of Overton Street. Ms. Benoit was driving a 2004 Nissan Xterra in the left, or inner, eastbound lane. As Mr. Travelpiece approached the intersection with Bringhurst drive, he attempted to take a left turn from the right lane across the left lane. His Freightliner collided with Ms. Benoit's Xterra, and she sustained injuries.

Ms. Benoit originally filed suit in the 9th Judicial District Court for the Parish of Rapides, Louisiana, on May 23, 2007. The defendants were served on May 30, 2007, and

they removed to this Court on June 29, 2007, pursuant to 28 U.S.C. § 1441 et seq., properly asserting diversity jurisdiction under 28 U.S.C. § 1332. Ms. Benoit filed the instant motion for partial summary judgment (Doc. 18) on April 16, 2008, asserting she is entitled to summary judgment on the issue of Westport's and Travelpiece's liability because it is illegal, under Louisiana law, to make a left turn from the right lane of a two-lane, one-way street. In opposition, Westport asserts that Mr. Travelpiece had come to a complete stop, made sure the left turn was safe, and used his left turn signal before attempting the turn, and Ms. Benoit then imprudently attempted to pass him, resulting in the collision. In support, Westport attaches the affidavit of Mr. Travelpiece and the affidavit and the report of a purported crash reconstruction expert, V. O. "Dean" Tekell, Jr. We address the merits of this motion below.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)).

In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992). Finally, "a mere scintilla [of evidence] is not enough to defeat a motion for summary judgment." Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1086 (5th Cir. 1994) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)).

## ANALYSIS

It is true, under La. R.S. § 32:101, that a left turn from the right lane of a two-lane, one-way street is improper. However, at this stage in this negligence action, even if we were to rule that the defendants are liable under that statute, it would mean virtually nothing. We must still determine Ms. Benoit's degree of fault relative to the defendants under comparative fault analysis, La. Civ. Code art. 2323, and the evidence presented shows a sharp dispute as to that issue. We might, of course, answer the abstract question of whether or not the defendants will share in some liability, but we may not determine all of the liability issues at this stage. Consequently, as a practical matter, the issue of liability will still need to be tried, and this motion serves no practical function. Although Fed. R. Civ. P. 56(c) states that summary judgment should be granted in an appropriate case, it does not require that it be granted. In this case, because it would serve no practical function, we will deny the motion and defer determination of liability to trial on the merits.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED that the plaintiff's motion for partial summary judgment (Doc. 18) is DENIED.

SIGNED on this 29th day of July, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE